No. 127

VORNDRAN, Admr. v. KINTZ, et

Ohio Appeals, 3rd Dist., Crawford Co.

No. 1100.   Decided July 29, 1926

1271. WILLS—Real property which comes to one by a will wherein certain debts must be paid thereon and legacies distributed before an estate can be acquired, is a contingent devise and rests upon a fulfillment of the conditions required, and when they are performed the estate thus acquired passes as ancestral property under 8573 GC., and not as if by purchase.

First Publication of this Opinion

HUGHES, J.

About twenty years ago, John Vorndran died testate, leaving eight children surviving him, but no wife. In item three of his will, he provided:—"After the death of my wife, it is my will that my two sons Joseph and Herman shall have the privilege to buy my farm consisting of 160 acres, they, my said sons, to pay the indebtedness on said premises which

at this time is $1125; to pay $125 for burial expenses of myself and the masses for myself; to pay $125 for the burial of my wife and masses for her; also to pay to each of my children the following sums of money." Then follows their names and amounts.

By item four of his will, he provided for a sale of the farm if the sons did not elect to take, however the sons took the estate though they never received any deed or other evidence of title.

In 1925 one of the brothers died intestate leaving no wife or children but one sister of the full blood and four brothers and two sisters of the half-blood, all of his brothers and sisters being of the blood of the ancestor, John Vorndran.

This action is brought by the administrator to procure instructions as how to disburse the surplus, the sister of the whole blood claiming all, while those of the half blood claiming equally with her.

The sole question for determination is whether or not the estate in question came to him by devise or purchase, if in the former manner, all would share equally, if by the latter, the sister of the full blood would take.

The sister of the full blood argues that this estate cannot be considered ancestral property because it was not devised as a gift with the sole consideration of blood relationship, being valuable consideration upon his part in carrying out the provisions of the will. The Court of Appeals held:

1. The position as stated immediately supra seems to be the one taken by the court below and the court in the case of Beight v. Organ, 27 O. C. A. 27.

2. The laws of descent and distribution are mere arbitrary rules for the transmission of property, enacted by the legislature, and cannot be modified by courts by reason of equitable considerations.

3. The court is not at liberty to follow into fields of equity or hunt after equitable titles when there is a legal title the intestate died seied of. That legal title is the only one comprehended by the statute. The source of it to the intestate determines whether the estate is to descend as ancestral or non-ancestral property. 45 OS. 77; 50 OS. 495.

4. From the source in this case the estate was one of devise, it being in form a contingent devise of real estate, which became effective upon the performance of the contingency.

5. It will terefore be seen that the estate is one of devise and the administrator will therefore disburse the surplus equally to all brothers and sisters either of the whole or half blood in accordance with 8573 GC.

Attorneys—R. V. Sears for Vorndran; Gallinger & McCarron for Kintz et; all of Bucyrus.